UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MATTHEW WRIGHT,

     Plaintiff,

  v.

ABI/VIP ATTORNEY SERVICES,

     Defendant.

/

NO. CIV. 08-2768 WBS GGH

<u>ORDER OF REMAND</u>

----oo0oo----

I.   <u>Factual and Procedural Background</u>

On October 13, 2008, plaintiff Matthew Wright filed a Petition for Increased Benefits and Remedies ("Petition") with California's Workers' Compensation Appeals Board ("WCAB") against his employer, defendant EDCO Group Inc.,[1] pursuant to California Labor Code section 132a. (<u>See</u> Docket No. 1 Ex. A ("Petition").) In his Petition, plaintiff alleges that he sustained an

---

[1] Defendant represents that it was erroneously sued under the name ABI/VIP Attorney Services. (<u>See</u> Docket No. 1 Ex. B at 1.)

1

industrial injury while working for defendant on April 25, 2007, and that he subsequently received notice that his employment was terminated and that his health insurance had been cancelled. (Id. ¶ 3.) Plaintiff contends that his termination and the cancellation of his health insurance were "nothing other than an attempt [by defendant] to discriminate against [him] for having sustained an industrial injury." (Id. ¶ 5.) The Petition requests reinstatement of plaintiff's employment, reimbursement for lost wages, and an "increase in benefits payable" due to his industrial injury. (Id. at 2:18-20.)

Defendant removed the action from the WCAB to this court on November 17, 2008, asserting that plaintiff's Petition is "completely preempted" by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and therefore "arise[s] under the . . . laws . . . of the United States." 28 U.S.C. § 1331; Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987); (see Docket No. 1 at 2). Plaintiff now moves to remand the action back to the WCAB pursuant to 28 U.S.C. § 1447(c).

II. Discussion

A motion to remand "is the proper procedure" for challenging the removal of an action to federal court. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The removal statute, 28 U.S.C. § 1441, is "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"Under 28 U.S.C. § 1441, a defendant may remove an

action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Id. Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action "arises" under federal law, courts apply the "well-pleaded complaint rule," which provides that "a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Moore-Thomas, 553 F.3d at 1243 (quoting Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005)).

As a corollary to the well-pleaded complaint rule, the "complete preemption doctrine" instructs that Congress "may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. (quoting Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998)) (internal quotation marks omitted). Under this doctrine, "if a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 (1983).

Furthermore, although the Ninth Circuit has yet to address the issue, several other courts of appeals and certain California district courts have expressly or impliedly held that the "complete preemption doctrine" overrides the statutory bar against the removal of actions "arising under the workmen's compensation laws" of a state, 28 U.S.C. § 1445(c). See, e.g.,

Trevino v. Ramos, 197 F.3d 777, 778 (5th Cir. 1999); Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1246 (8th Cir. 1995); Scotti v. Los Robles Reg'l Ctr., 117 F. Supp. 2d 982, 989 (C.D. Cal. 2000); Fucci v. Pac. Bell Tel. Co., No. 00-3721, 2001 WL 182377, at *4 (N.D. Cal. Feb. 5, 2001).

Here, defendant's removal is foreclosed by the Ninth Circuit's decision in Oregon Bureau of Labor and Industries ex rel. Richardson v. U.S. West Communications, Inc., 288 F.3d 414 (9th Cir. 2002). In that case, the plaintiff filed a complaint with the Bureau of Oregon Labor and Industries ("BOLI") alleging that his employer discriminated against him for assisting a state safety compliance officer in an inspection of the employer's facility. Id. at 415. The employer removed the case to federal court, asserting that the complaint filed with the BOLI was "completely preempted" by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Id. The district court agreed. Id. Furthermore, in response to the plaintiff's contention that the BOLI was not a "state court" from which 28 U.S.C. § 1441 authorized removal, the district court applied the "functional test" analysis adopted by the First and Seventh Circuits to conclude that the BOLI was sufficiently "court-like" to be considered a state court for purposes of § 1441. Id.

The Ninth Circuit reversed without deciding whether the plaintiff's complaint was "completely preempted" by the LMRA. Id. at 420. Instead, the court of appeals "reject[ed] the . . . 'functional test' analysis" and held that "28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative

agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state <u>court</u>." <u>Id.</u> at 418-19.

<u>Richardson</u>'s applicability to the instant motion is plain; it is undisputed that the WCAB, like the BOLI in <u>Richardson</u>, is an "administrative agency" and not a state court. <u>Currie v. Workers' Comp. Appeals Bd.</u>, 24 Cal. 4th 1109, 1115 (2001); <u>see</u> <u>Scheffield Med. Group, Inc. v. Workers' Comp. Appeals Bd.</u>, 70 Cal. App. 4th 868, 879 (1999) ("As the administrative agency charged with the statute's enforcement and interpretation, the Board's opinion, while not necessarily controlling, is of great weight . . . ."). Accordingly, because "[t]he plain language of 28 U.S.C. § 1441 limits removal to cases pending before a 'state court,'" this court "need go no further" to conclude that it must remand this action to the WCAB. <u>Id.</u> at 417-18; <u>see also</u> <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").

In a footnote, defendant asserts that <u>Scotti v. Los Robles Regional Center</u>, 117 F. Supp. 2d 982 (C.D. Cal. 2000), "illustrates the propriety" of removal from the WCAB "based on ERISA preemption grounds." (Opp'n 4 n.2.) In that case, the District Court for the Central District of California determined that removal from the WCAB was proper due to ERISA preemption without first determining whether the WCAB was a "state court" under § 1441. <u>See</u> <u>Scotti</u>, 117 F. Supp. 2d at 989. Thus, <u>Scotti</u> clearly conflicts with the analysis provided in <u>Richardson</u>, which

was pronounced by the Ninth Circuit two years after Scotti was decided. Accordingly, the court finds Scotti unpersuasive.

Defendant further contends that Richardson "is not instructive" because "it involves the [BOLI]" and "fail[s] to mention any reach to the [WCAB]." (Opp'n 4 n.2.) Defendant does not present any persuasive reason, however, why this distinction should make a difference. See, e.g., Clark v. United States, 289 U.S. 1, 13 (1933) (Cardozo, J.) ("[D]istinctions and analogies . . . are the tools of the judicial process.").

Although an order granting a motion to remand "may require payment of just costs and . . . attorney fees[] incurred as a result of the removal," 28 U.S.C. § 1447(c), such an award would be inappropriate here. Plaintiff's motion to remand made no mention of Richardson and relied exclusively upon 28 U.S.C. § 1445(c), which bars the removal of actions "arising under the workmen's compensation laws" of a state. As mentioned previously, the application of § 1445(c) in light of the "complete preemption doctrine" is far from clear. Accordingly, because plaintiff's contribution to the court's resolution of this matter was negligible, the court will deny his request for costs and attorney fees. See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir. 2000) (noting that "the district court has 'wide discretion' in assessing fees under § 1447(c)"); Dietz v. Celebrity Cruises, Inc., No. 06-689, 2006 WL 3308360, at *4 (W.D. Pa. Sept. 18, 2006) (denying a request for costs and attorney fees where "[plaintiffs'] brief Motion to Remand [did] not suggest a significant investment of time").

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED; and

		IT IS FURTHER ORDERED that plaintiff's request for costs and attorney fees be, and the same hereby is, DENIED.

DATED:  April 24, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE